IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD E. CRANFORD, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 24-CV-00530-GKF-SH |
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Amend Complaint [Doc. 23] of plaintiff Richard E. Cranford and the Motion for Judgment on the Pleadings [Doc. 19] of defendant Farmers New World Life Insurance Company. For the reasons set forth below, the motion to amend is denied and the motion for judgment on the pleadings is granted in part and denied in part.

**Background/Procedural History**

Mr. Cranford alleges that third-party Kerry Sylvester assigned to him ownership of a life insurance policy issued by Farmers, but that Farmers wrongfully terminated the policy without notifying plaintiff. Mr. Cranford asserts the following causes of action: (1) declaratory relief; (2) injunctive relief; and (3) breach of contract.[1] *See generally* [Doc. 2-1].

On January 27, 2025, pursuant to Federal Rule of Civil Procedure 12(c), Farmers filed the motion for judgment on the pleadings. [Doc. 19]. In response, Mr. Cranford asserted that

---

[1] Mr. Cranford filed a Petition in the District Court in and for Tulsa County, and Farmers removed the case to this court. [Doc. 2]. For consistency with the Federal Rules of Civil Procedure, the court refers to the Petition as the Complaint.

judgment against him was inappropriate based, in part, on estoppel. [Doc. 20]. In the alternative, Mr. Cranford sought leave to amend his Complaint, but his request did not comply with Local Civil Rule 7-1(h).

In a May 1, 2025 Order, the court concluded that judicial efficiency warranted holding Farmers' motion for judgment on the pleadings in abeyance pending final resolution of Mr. Cranford's request to amend. Accordingly, on or before May 15, 2025, the court directed Mr. Cranford to file a motion to amend that complied with Local Civil Rule 7-1(h).

Mr. Cranford timely filed a motion to amend. [Doc. 23]. Farmers responded in opposition. [Doc. 25]. Mr. Cranford did not file a reply.

**Motion to Amend [Doc. 23]**

Mr. Cranford seeks leave to file an Amended Complaint to assert claims against Farmers and an additional defendant—insurance agent, Thome Cook Insurance Agency, Inc. ("Thome Cook"). The proposed claims are as follows: (1) declaratory relief against Farmers and Thome Cook; (2) injunctive relief against Farmers; (3) bad faith tortious breach of contract against Farmers; and (4) negligence against Farmers and Thome Cook.

A.   *Applicable Standard*

The deadline for motions for joinder of additional parties and/or amendment of the pleadings lapsed on December 18, 2024. [Doc. 14]. In the Tenth Circuit, "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed.R.Civ.P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Federal Rule of Civil Procedure 16(b)(4) provides that a deadline "may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to

show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240 (internal quotations omitted). Thus, "'[g]ood cause' . . . 'obligates the moving party to provide an adequate explanation for any delay.'" *Tesone v. Empire Mktg. Strategies,* 942 F.3d 979, 988 (10th Cir. 2019) (quoting *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018)).

The Tenth Circuit has recognized that "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch,* 771 F.3d at 1240). "If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred." *Birch*, 812 F.3d at 1247 (quoting *Gorsuch,* 771 F.3d at 1240). Further, the court may consider "possible prejudice to the party opposing the modification." *Tesone,* 942 F.3d at 988 (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

Federal Rule of Civil Procedure 15(a), in relevant part, permits a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court should "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Denver Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005). However, "[t]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).

*B.  Analysis*

Mr. Cranford asserts that amendment is warranted because he "has discovered additional information which supports a claim against his insurance agent." [Doc. 23, p. 1]. However, having reviewed the proposed Amended Complaint, the majority of the new factual allegations relate to communications between *Mr. Cranford personally* and Thome Cook and/or Farmers. Further, the communications predate the filing of the original Complaint. *See* [Doc. 23-1, pp. 2-6].

Moreover, in the original Complaint, Mr. Cranford expressly alleges that he "received an email from Defendant's agent indicating that a premium payment was due that day," that "the agent was notified that the policy was going into a grace period," and that Farmers had communicated with "the agent" regarding the late notice and policy termination.[2] [Doc. 2-1, pp. 2-3, ¶¶ 9, 12, 15]. Mr. Cranford now identifies "the agent" as Thome Cook in the same factual allegations in the proposed Amended Complaint. *See* [Doc. 23-1, pp. 3-6, ¶¶ 14, 21, 26]. However, it is clear that Mr. Cranford knew the identity of the agent in advance of the filing of the original Complaint, as he alleges, and the filings in this case indicate, he was personally included on communications with Thome Cook or that identify Thome Cook as the agent. *See, e.g.,* [Doc. 8-1, p. 34]. Accordingly, it is clear that Mr. Cranford knew of the agent—and specifically Thome Cook's—involvement at the time he filed the original Complaint.

Mr. Cranford was aware, or should have been aware, of the relevant facts prior to the filing of the Complaint, but did not include them therein. Nor did he timely seek leave to amend to allege

---

[2] Mr. Cranford identifies "the agent" as Thome Cook in the same factual allegations in the proposed Amended Complaint. *See* [Doc. 23-1, pp. 3-6, ¶¶ 14, 21. 26]. However, it is clear that Mr. Cranford knew the identity of the Farmers agent in advance of the filing of the original complaint, as he alleges, and the filings in this case indicate, he was personally included on communications with Thome Cook or that identify Thome Cook as the agent. *See, e.g.,* [Doc. 8-1, p. 34].

the facts or potential claims (including estoppel) arising from same, or to include Thome Cook. Mr. Cranford's cursory assertion that "additional information" was discovered is inadequate, as he has not shown that he made "diligent efforts" to meet the deadline for amendment of pleadings, but was unable to do so. *See Tesone*, 942 F.3d at 989, 991.

Moreover, the court considers the potential prejudice to Farmers. *See Tesone,* 942 F.3d at 988. Mr. Cranford seeks leave to join an additional party, Thome Cook. Although Mr. Cranford does not adequately plead Thome Cook's citizenship in the proposed Amended Complaint, it appears that Thome Cook is not diverse from Mr. Cranford, an Oklahoma citizen. Records publicly available through the Oklahoma Secretary of State's website indicate that Thome Cook is an Oklahoma corporation and therefore also an Oklahoma citizen.[3] *See* 28 U.S.C. § 1332(c)(1); *see also* [Doc. 23-1, p. 1, ¶ 3 (alleging that Thome Cook is an insurance agency doing business in Oklahoma)]. Thus, the addition of Thome Cook would divest this court of jurisdiction and require remand to Tulsa County.

Further, the parties have been engaged in discovery for over six months, and Farmers filed a dispositive motion as to all of Mr. Cranford's claims. *See* [Doc. 19]. Yet, Mr. Cranford seeks leave to add additional claims and theories, in addition to a new defendant. Permitting the amendment would effectively "reset" this litigation, and require more discovery and motion practice in a new forum. Thus, Farmers would be prejudiced by the requested amendments.

Insofar as Mr. Cranford points to the court's May 1, 2025 Order [Doc. 22], significantly, the court *did not* conclude that leave to amend was warranted or that good cause was shown for

---

[3] The court takes judicial notice of the Oklahoma Secretary of State records. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds*, 248 F.3d 946 (10th Cir. 2001).

the facts or potential claims (including estoppel) arising from same, or to include Thome Cook. Mr. Cranford's cursory assertion that "additional information" was discovered is inadequate, as he has not shown that he made "diligent efforts" to meet the deadline for amendment of pleadings, but was unable to do so. *See Tesone*, 942 F.3d at 989, 991.

Moreover, the court considers the potential prejudice to Farmers. *See Tesone,* 942 F.3d at 988. Mr. Cranford seeks leave to join an additional party, Thome Cook. Although Mr. Cranford does not adequately plead Thome Cook's citizenship in the proposed Amended Complaint, it appears that Thome Cook is not diverse from Mr. Cranford, an Oklahoma citizen. Records publicly available through the Oklahoma Secretary of State's website indicate that Thome Cook is an Oklahoma corporation and therefore also an Oklahoma citizen.[3] *See* 28 U.S.C. § 1332(c)(1); *see also* [Doc. 23-1, p. 1, ¶ 3 (alleging that Thome Cook is an insurance agency doing business in Oklahoma)]. Thus, the addition of Thome Cook would divest this court of jurisdiction and require remand to Tulsa County.

Further, the parties have been engaged in discovery for over six months, and Farmers filed a dispositive motion as to all of Mr. Cranford's claims. *See* [Doc. 19]. Yet, Mr. Cranford seeks leave to add additional claims and theories, in addition to a new defendant. Permitting the amendment would effectively "reset" this litigation, and require more discovery and motion practice in a new forum. Thus, Farmers would be prejudiced by the requested amendments.

Insofar as Mr. Cranford points to the court's May 1, 2025 Order [Doc. 22], significantly, the court *did not* conclude that leave to amend was warranted or that good cause was shown for

---

[3] The court takes judicial notice of the Oklahoma Secretary of State records. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds*, 248 F.3d 946 (10th Cir. 2001).

the delay in requesting leave to amend. Rather, in the interest of judicial efficiency, the court afforded Mr. Cranford the opportunity to file a motion to amend that complied with Local Civil Rule 7-1(h) prior to the court ruling on Farmers' motion for judgment on the pleadings.

Based on the foregoing, the court concludes that Mr. Cranford has failed to satisfy Rule 16's good cause requirement.

For the same reasons, Mr. Cranford has not satisfied Rule 15's requirements. Mr. Cranford has not adequately explained his delay in seeking amendment, particularly given that it appears that, prior to filing the *original* Complaint, Mr. Cranford knew or should have known of the facts on which the requested amendments are based. *See Minter,* 451 F.3d at 1205-06; *see also Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("[W]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). For this reason alone, the motion is denied. *Minter,* 451 F.3d at 1206. Moreover, the proposed amendments would effectively restart this litigation, unduly prejudicing Farmers in preparing a defense. *Id.* at 1208.

Mr. Cranford fails to demonstrate good cause for seeking modification under Fed. R. Civ. P. 16(b)(4), nor does he satisfy the Rule 15(a) standard.[4] *Gorsuch, Ltd., B.C*, 771 F.3d at 1240. Thus, Mr. Cranford's motion to amend is denied.

## Motion for Judgment on the Pleadings [Doc. 19]

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for

---

[4] Because Mr. Cranford has failed to satisfy either Rule 16 or Rule 15, the court does not consider "the heightened scrutiny" for diversity-destroying amendments that Farmers asserts is applicable.

judgment on the pleadings 'should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). The Tenth Circuit treats a motion for judgment on the pleadings under Rule 12(c) as a motion to dismiss pursuant to Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Thus, "to survive judgment on the pleadings, [plaintiff] must allege 'a claim to relief that is plausible on its face.'" *Sanchez v. U.S. Dep't of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Tenth Circuit has described the plausibility standard as follows: "To determine whether the claim to relief is 'plausible on its face,' we examine the elements of the particular claim and review whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sanchez,* 870 F.3d at 1189 (quoting *Iqbal*, 556 U.S. at 678).

To determine a motion for judgment on the pleadings, "the court considers . . . the Complaint, the Answer, and the documents attached as exhibits to either." *ICON Health & Fitness, Inc. v. Polar Electro Oy*, 243 F. Supp. 3d 1229, 1241 (D. Utah 2017); *see also Bell v. RL Signor Holdings, LLC*, No. CIV-17-765-W, 2017 WL 11372407, at *2 n.4 (W.D. Okla. Oct. 17, 2017). Additionally, the court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.,* 830 F.3d 1195, 1201 n.3 (10th Cir. 2016) (quoting *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007)).

As previously stated, Mr. Cranford asserts, and Farmers seeks judgment on the pleadings, as to the following causes of action: (1) declaratory relief; (2) injunctive relief; and (3) breach of contract. For ease of analysis, the court first considers Mr. Cranford's breach of contract claim.

A.    *Breach of Contract*

In Oklahoma, general principles of contractual interpretation govern the construction of an insurance policy.[5] *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). Under Oklahoma law, the elements of a breach of contract claim are: "(1) the formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach." *Cates v. Integris Health, Inc.*, 412 P.3d 98, 103 (Okla. 2018).

Mr. Cranford asserts that Farmers breached the insurance contract "by not providing notice [of unpaid premiums and policy termination] to Plaintiff and by not accepting premiums from Plaintiff." [Doc. 2-1, pp. 3-4, ¶¶ 18, 20-21].

With respect to failure to pay premiums, termination, and reinstatement, the insurance policy includes the following relevant provisions:

**GRACE PERIOD, LAPSE AND REINSTATEMENT**

**Grace Period**

On any Premium Due Date this policy will enter a 31-day grace period unless the required Premium Payment is received by Us prior to or on the Premium Due Date.

\*\*\*

We must either receive the Premium Payments due during the Grace Period or, if sent by U.S. mail, they must be postmarked within the Grace Period. If the

---

[5] There appears to be no dispute that Oklahoma law applies. *See* [Doc. 19; Doc. 20]. Further, it appears that the insurance contract was made in Oklahoma and therefore Oklahoma law governs. *See Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1033-34 (Okla. 2006) (internal footnote omitted) ("[I]n Oklahoma, the established choice of law rule in contract actions known as *lex loci contractus* is that, unless the contract terms provide otherwise, the nature, validity, and interpretation of a contract are governed by the law where the contract was made.").

> Premium Payments due are not paid by the end of the 31-day Grace Period, this Entire Policy Contract will Lapse.

> ***

> **Automatic Reinstatement**

> We will automatically Reinstate this policy if We receive all past due Premium Payments within 20 days after the end of the Grace Period, while the Insured is living.

[Doc. 8-1, pp. 11-12].[6] Farmers asserts that Mr. Cranford's claim fails because he does not allege that the past due premiums were paid prior to the end of the automatic reinstatement period. However, Mr. Cranford includes factual allegations from which the court may reasonably infer that the Grace Period ended on December 22, 2023. *See* [Doc. 2-1, p. 2, ¶¶ 12-13; *id*. at ¶ 14 ("On January 5, 2024, Defendant wrote to Plaintiff acknowledging receipt of the $189.15 payment and advised him that the 'policy has been lapsed since 12/22/23.'"); Doc. 8-1, p. 11 (Policy lapses if premium payments are not received at the end of the Grace Period)]. Further, Mr. Cranford alleges that, on December 27, 2023—five days after what appears to be the end of the Grace Period and within the automatic reinstatement period—he spoke to a Farmers representative who advised him that "the sum of $189.15 must be paid to keep the policy in effect," which he immediately paid. [Doc. 2-1, p. 2, ¶ 12]. Finally, Mr. Cranford includes factual allegations from which the court may reasonably infer that Ms. Sylvester was alive on December 27, 2023. [Doc. 2-1, pp. 2-3, ¶ 14 (indicating that M. Sylvester was alive, although terminally ill, in January or February of 2024)]. Thus, Mr. Cranford includes factual allegations from which the court may reasonably infer that he

---

[6] The court considers policy no. 002881033 issued by Farmers ("Policy"), as a copy of same was attached to Farmers' Answer. *See ICON Health & Fitness, Inc.*, 243 F. Supp. 3d at 1241. Further, the Policy is both referred to in the Complaint and central to Mr. Cranford's claims, and he does not dispute its authenticity. *See BV Jordanelle, LLC*, 830 F.3d at 1201 n.3.

paid all necessary past due premiums within twenty days of the end of the Grace Period, while the Insured was living, such that the Policy should have been automatically reinstated.[7] *See Grain Dealers Mut. Ins. Co. v. Hill,* 227 F. App'x 765, 768-69 (10th Cir. 2007) (unpublished).[8] Mr. Cranford therefore plausibly alleges that Farmers' failure to accept premiums was in breach of the Policy's Automatic Reinstatement provision and Farmers is not entitled to judgment as a matter of law as to the breach of contract claim.[9]

    B.        Declaratory Relief

Farmers next argues that Mr. Cranford's declaratory judgment claim should be dismissed as duplicative of, or subsumed by, his breach of contract claim.[10] [Doc. 19, p. 7].

---

[7] Although Farmers asserts in its motion that all of the past due premiums were not paid within the automatic reinstatement period, at this stage of the litigation, the court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to [Mr. Cranford]." *Sanchez,* 870 F.3d at 1199.

[8] "Unpublished decisions are not precedential but may be cited for their persuasive value." 10th Cir. R. 32.1(A).

[9] Insofar as Farmers seeks judgment as a matter of law in its favor as to Mr. Cranford's theory that it breached the contract by failing to provide him notices of premium nonpayment, "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (articulating the standard in the context of a motion for judgment on the pleadings); *see also Fed. Trade Comm'n v. Nudge, LLC*, 430 F. Supp. 3d 1230, 1246 (D. Utah 2019) ("As many courts have recognized, parties may not use rule 12(b)(6) to dismiss only parts of a claim."); *Murphy v. City of Tulsa*, No. 15-CV-528-GKF-PJC, 2016 WL 11619779 (N.D. Okla. Feb. 29, 2016) (court cannot dismiss legal theories on 12(b)(6)).

[10] Farmers also asserts that the claim improperly seeks to "rewrite the Policy to impose obligations that do not exist" and, for the same reasons as the breach of contract claim, lacks merit. [Doc. 19, pp. 7-8]. For the same reasons discussed above as to the breach of contract claim, Farmers' argument fails.

"[T]he district court is not obliged to entertain every justiciable declaratory claim brought before it. The Supreme Court has long made clear that the Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'"[11] *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). When there exist parallel state and federal lawsuits, the Tenth Circuit has stated the district court should consider the following factors to determine whether or not to hear the request for declaratory relief:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon,* 31 F.3d at 983 (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

Farmers cites no binding Tenth Circuit Court of Appeals precedent for the proposition that a plaintiff may not simultaneously request declaratory relief and damages for a breach of contract and therefore has failed to show that judgment on the pleadings is warranted. *See Airtex Mfg., LLLP v. Boneso Bros. Constr., Inc.,* No. 19-CV-02269-EFM-JPO, 2020 WL 4922192, at *13 (D. Kan. Aug. 21, 2020). Rather, Federal Rule of Civil Procedure 8 explicitly permits demands for alternative or different types of relief. *See* Fed. R. Civ. P. 8(a)(3). Thus, the court is not persuaded that Mr. Cranford's request for declaratory relief must be categorically dismissed as duplicative of

---

[11] "It is well recognized that the [federal Declaratory Judgment] Act involves procedural remedies and not substantive rights." *Farmers All. Mut. Ins. Co. v. Jones,* 570 F.2d 1384, 1386 (10th Cir. 1978). "Thus, the Declaratory Judgment Act controls the procedural issues, while [Oklahoma] law controls the substantive issues." *Chen v. Am. Fam. Mut. Ins. Co*., No. 12-CV-01942-REB-MJW, 2013 WL 4434370, at *2 (D. Colo. Aug. 15, 2013).

the breach of contract claim. *See Gulick v. State Farm Mut. Auto. Ins. Co.,* No. 21-CV-02573-TC-GEB, 2023 WL 4315350, at *7 (D. Kan. July 3, 2023) ("Neither the Declaratory Judgment Act nor the federal rules prohibit [plaintiff] from pleading [his] claims for breach and declaratory judgment together, and [defendant] does not otherwise make a compelling argument why the declaratory action should be dismissed at this stage.").

Nor has Farmers cited binding precedent applying the *Mhoon* factors to dismiss a claim for declaratory judgment based on an alternative claim or remedy *in the same case*.[12] Assuming that the factors apply to determine whether a claim for declaratory relief should be dismissed based on a parallel claims in the same case, the court concludes that the dismissal is not warranted. Ruling on whether Farmers' purported termination of the Policy was effective or whether the Policy should be reinstated would resolve the issues between the parties. Likewise, a ruling would be useful in clarifying the legal relationship between Farmers and Mr. Cranford, if any. Thus, the first and second factors weigh in favor of maintaining the declaratory judgment claim. There is no concurrent state court action pending and therefore there is no indication that the declaratory judgment remedy is being used for "procedural fending" or as a "race to *res judicata*." Nor is there any risk of friction between federal and state courts. Because four of the five *Mhoon* factors support the court exercising its jurisdiction over the requested declaratory relief in this matter, dismissal and entry of judgment in favor of Farmers are not warranted. *See Airtex Mfg., LLP,* 2020 WL 4922192, at *13; *see also Olave v. Am. Fam. Mut. Ins. Co., S.I.,* No. 21-CV-02908-CMA-NYW, 2022 WL 2817630, at **7-8 (D. Colo. July18, 2022), *adopting report and recommendation,*

---

[12] *See TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1195-96 (D. Colo. 2018) (collecting district court cases applying *Mhoon* factors to determine whether to entertain a separate claim for declaratory relief, absent parallel state litigation).

2022 WL 3280156 (D. Colo. Aug. 11, 2022); *Lindley v. Life Invs. Ins. Co. of Am.*, No. 08-CV-0379-CVE-PJC, 2009 WL 2163513, at *4 (N.D. Okla. July 17, 2009).

    C.    *Injunctive Relief*

Finally, Farmers argues that Mr. Cranford fails to state a plausible claim for injunctive relief. An injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To state a plausible claim for injunctive relief, "[Mr. Cranford] must allege facts to show: 1) actual success on the merits; 2) irreparable harm unless the injunction is issued; 3) the threatened injury outweighs the harm which the injunction may cause to the opposing party; and 4) the injunction, if issued, will not adversely affect the public interest." *Rodgers v. Fallin,* No. CIV-12-171-D, 2013 WL 149716, at *5 (W.D. Okla. Jan. 14, 2013) (quoting *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003)). The court focuses its inquiry on the "irreparable harm" element.

It is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003). "An 'irreparable harm requirement is met if a plaintiff demonstrates a *significant risk* that he or she will experience harm that cannot be compensated after the fact by monetary damages.'" *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (quoting *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000)). Nor does "speculative harm . . . amount to irreparable injury" as "[t]he purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005).

Mr. Cranford asserts that, "[i]f [Farmers] is not compelled to provide notices to Plaintiff concerning policy 002881033 and to accepting premiums from Plaintiff, Plaintiff will be irreparably injured." [Doc. 2-1, pp. 3-4, ¶ 20]. Mr. Cranford's assertion of "irreparable injury" is conclusory and therefore not entitled to the presumption of truth. *See Sanchez*, 870 F.3d at 1199. And Mr. Cranford includes no factual allegations from which the court may reasonably infer that irreparable injury will result. Rather, it appears that a monetary judgment and the requested declaratory relief would remedy past injuries and result in reinstatement of the Policy, preventing future injuries. *See J. Corman Fam. Ltd. P'ship #4 v. Devon Energy Prod. Co., L.P.*, No. CIV-16-1213-R, 2017 WL 4053858, at *1 (W.D. Okla. Sept. 13, 2017). Any allegation that Farmers would not accept premiums or provide notices if ordered to do so is entirely speculative. Mr. Cranford having pled no facts from which the court may reasonably infer that the "extraordinary remedy" of injunctive relief is necessary to prevent future irreparable injury, plaintiff fails to plausibly state a claim for injunctive relief.[13]

## Conclusion

WHEREFORE, the Motion to Amend Complaint [Doc. 23] of plaintiff Richard E. Cranford is denied.

IT IS FURTHER ORDERED that the Motion for Judgment on the Pleadings [Doc. 19] of defendant Farmers New World Life Insurance Company is granted in part and denied in part. The motion is granted insofar as it seeks dismissal of Mr. Cranford's second cause of action – injunctive relief.

---

[13] The court notes that many district courts within the Tenth Circuit have concluded that "injunctive relief is a form of remedy, not a standalone claim." *Flor v. Bd. of Regents of Univ. of N.M.*, 539 F. Supp. 3d 1176, 1201-02 (D.N.M. 2021). In any event, insofar as Mr. Cranford has pled injunctive relief as a cause of action, the motion for judgment on the pleadings is granted.

IT IS FURTHER ORDERED that Mr. Cranford's second cause of action – injunctive relief is dismissed without prejudice.

IT IS SO ORDERED this 3rd day of June, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE